# IN RE JUDICIAL DITCH NO. 24 RENVILLE, SIBLEY AND McLEOD COUNTIES.[1]

November 21, 1924.

Nos. 24,133-24,146.

**Township cannot compel counties to build bridge for town road.**

Upon facts shown, township cannot compel counties interested in existing judicial ditch to construct bridge where ditch crossed town highway. [Reporter.]

Order of district court for Renville county, directed to the auditors of counties of Renville, McLeod and Sibley, requiring them to show cause why they should not be ordered to give notice of letting contract for construction of bridge at station 357 of said ditch. Upon hearing before Qvale, J., the order to show cause was discharged. From the order discharging the order to show cause, the township of Round Grove appealed. Upon its relation the supreme court granted its writ of certiorari, directed to the district court for Renville county and the Honorable G. E. Qvale, judge thereof, for the return of all records in the matter of said judicial ditch. The appeal and writ were heard together. Affirmed.

*T. O. Streissguth,* for appellant and relator.

*James B. Baker,* County Attorney, *George F. Gage* and *Daly & Barnard,* for respondents.

PER CURIAM.

This is an order to show cause, issued on behalf of Round Grove township in McLeod county, why the county authorities of the counties interested in Judicial Ditch No. 24 should not proceed with the letting of a contract for the construction of a bridge over the ditch where it crossed a highway of the township. The court entered an order discharging the order to show cause, and the township brings it here for review.

The petition for the ditch was filed in 1917. It was established and constructed in due course. It crossed a highway of Round Grove township. This highway was wet and low and apparently traveled little. Specifications were made for a substantial bridge. Later the town built a trestle bridge. The bridge specified in the drainage proceeding was not constructed. The engineer recommended that it be not constructed and that the ditch contractor replace the trestle when the ditch was completed.

Round Grove was assessed benefits for the ditch. If we get the record

[1]Reported in 200 N. W. 816.

right it was not assessed damages. The statute intends that the township or other municipality shall construct a bridge made necessary by a ditch, and that damages shall be awarded because it must do so. G. S. 1913, § 5563; Town of Lisbon v. Counties of M. & L. 142 Minn. 299, 172 N. W. 125. If it does not do so the county may, and deduct the cost from the damages allowed in the drainage proceeding. G. S. 1913, § 5563. The township, under the facts shown, cannot compel the construction of the bridge. Whether a contract for a bridge across a town highway is properly included in a ditch proceeding we do not determine.

Order affirmed.